## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TERRANCE GAYTON,

     Plaintiff,

v.                             No. CV 12-0690 MCA/KBM

ROXANN LICCIONE, et al.,

     Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For the reasons below, the Court will dismiss Plaintiff's complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff raises a number of claims in several documents (Docs. 1, 6, 9, 11) that the Court construes together as the complaint.  Plaintiff asserts his claims against the District Attorney and an Assistant District Attorney of the New Mexico Second Judicial District, as well as an Assistant Public Defender.  In the original complaint, Plaintiff alleges that Defendants Brandenburg and Liccione failed to follow the state court's award of credits against Plaintiff's sentence.  As a result, Plaintiff's parole was revoked and he has been forced to serve more prison time than the court imposed.  Defendant Sheehan, Plaintiff's appointed counsel, failed to correct these errors.  In his motion to amend (Doc. 6), he asserts an additional claim for denial of credit for time served.  In his first amended complaint (Doc. 9), he alleges that Defendant Brandenburg re-indicted him on the same charges.  And in his motion to clarify issues (Doc. 11), Plaintiff again describes alleged errors in his sentence.  Plaintiff contends that Defendants' actions have subjected him to double jeopardy, cruel and unusual punishment, ineffective assistance of counsel, denial of his right to confront witnesses, and denial of rights under state law.  For relief, Plaintiff asks for damages and for orders correcting his sentence or dismissing state criminal charges against him.

Plaintiff's claims for correcting his sentence and dismissing the criminal charges against him are not cognizable in this § 1983 action.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution.". . .  Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such

claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).   Under the rule described in *Nelson*, Plaintiff must bring claims challenging his conviction and sentence in a petition under the habeas corpus statutes.

The complaint's allegations against Defendants Brandenburg and Liccione attack their conduct in prosecuting a state criminal case against Plaintiff.  In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."  Furthermore, "this immunity extends to 'conditional prosecutorial decisions,' which provisionally withhold charges in exchange for a quid pro quo, so long as the threat of prosecution is not tied to a demand 'manifestly or palpably beyond [the prosecutor's] authority. . . .  Threatening to bring charges for conduct a prosecutor believes to be felonious could hardly be manifestly or palpably beyond his authority." *Blazier v. Larson*, 443 F. App'x 334, 336 (10th Cir. 2011) (citations omitted).  The alleged conduct of these prosecutors was part of their prosecution of the case against Plaintiff, and thus they are immune to his claims.

Nor is relief available on Plaintiff's claims against his defense counsel, Defendant Sheehan. A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element a complaint does not state a claim under § 1983.  *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under

3

color of state law.").  Case law is clear that neither a public defender nor an appointed private attorney acts under color of state law for purposes of § 1983 when undertaking the defense of a criminal defendant.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995), *abrogated in part on other grounds by* Federal Courts Improvement Act of 1996 § 309(c), 42 U.S.C. § 1983 (2006).  Plaintiff's allegations do not state claims under § 1983 for relief against Defendant Sheehan.  The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's claims against his state conviction and sentence are DISMISSED without prejudice to his rights under the habeas corpus statutes, otherwise the complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE